United States District Court
Southern District of Texas
**ENTERED**
December 04, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LUCAS RORIC COE, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-00020 |
| § | |
| ERIC GUERRERO, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND ORDER

This case is before the Court on Petitioner Lucas Roric Coe's petition for a writ of habeas corpus and Respondent Eric Guerrero's answer. The answer does not directly address the claims raised in the petition but argues instead that the claims are barred by the statute of limitations.

Having carefully considered the petition, the answer, Coe's response, all the arguments and authorities submitted by the parties, and the relevant record, the Court is of the opinion that Guerrero's request to dismiss the petition as time-barred should be denied.

**I.   Background**

Coe is an inmate in the custody of the Texas Department of Criminal Justice ("TDCJ"). He was convicted by a jury in the 232nd Judicial District Court of Harris County, Texas of Super Aggravated Sexual Assault of a Child Under Six Years Old. He is serving a sentence of life without parole. Petition (Doc. # 1) at 2.

Among the evidence presented at trial was testimony that the alleged victim tested positive for Herpes, and that Coe was also positive for Herpes. Coe states that he received permission in 2019 to test samples from the alleged victim. He contends that two tests both found that the

alleged victim was negative for Herpes. Coe filed two subsequent state habeas applications based on this new evidence. The Texas Court of Criminal Appeals denied relief on September 30, 2022.

Coe filed this federal habeas corpus petition on January 4, 2023. He raises several claims for relief based on the negative Herpes result and the state's alleged failure to disclose other relevant evidence. The Respondent seeks dismissal, arguing that Coe's claims are barred by the statute of limitations.

## II.     Analysis

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state prisoner has one year in which to file a federal habeas corpus petition. *Fierro v. Cockrell,* 294 F.3d 674, 679 (5th Cir. 2002). The statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Coe argues that exculpatory information was withheld from him until less than one year before he filed his most recent state habeas application. Specifically, he contends that he only recently learned of an autopsy result showing that the victim tested negative for herpes, despite trial evidence that both she and Coe were positive. He also claims that the offense report was not disclosed.

The respondent, pointing to the autopsy report, argues that the negative herpes finding was presented during the trial. The autopsy report submitted at trial, however, only notes that a swab of the oral cavity came back negative for Herpes (HSV II). Other trial evidence showed positive results, and Coe's petition specifically references both oral and vaginal swab results disclosed more recently. The respondent fails to show that this information was available to Coe at trial.

Similarly, the respondent points to an affidavit from a member of Coe's trial team noting that an offense report was in the materials that they received. But the petition contends that Coe did not receive the complete offense reports, and nothing in the affidavit specifies what was received. It may be that relevant portions of the offense report were not disclosed.

Finally, the respondents argue that Coe has not shown that other material that he says was not disclosed until years after trial was actually unavailable. The statute of limitations is an affirmative defense. *See*, *e.g.*, *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). As such, it is the respondent's burden to prove that Coe's claims and/or evidence is time-barred. The respondent has failed to do so at this juncture.

### III.    Order

For the foregoing reasons, the Respondent's request to dismiss the petition as time-barred is DENIED at this time. The Respondent will answer the claims in the petition or file a dispositive motion addressing those claims within 30 days.

The Clerk shall notify all parties and provide them with a true copy of this Order.

It is so ORDERED.

SIGNED on December 3, 2025, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge